NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0209n.06

Case No. 20-3617

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| EVODIO RODRIGUEZ-SALAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
Apr 21, 2021
DEBORAH S. HUNT, Clerk

Before: GUY, DONALD, and MURPHY, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Evodio Rodriguez-Salas petitions for review of the BIA's denial of his application for cancellation of removal on the grounds that he had "not demonstrated cumulative hardship to his United States citizen children that is exceptional and extremely unusual." The government urges dismissal of the petition because this court has "traditionally described the Board's hardship decision as a 'discretionary' call that falls outside our jurisdiction." *Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021). In *Singh*, however, we recognized that application of the hardship standard to settled facts is a mixed question of law and fact, which the Supreme Court recently made clear is within our jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). *Id.* at 1145 (citing *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068-69 (2020)). Exercising that jurisdiction, we DENY the petition for review on the merits.

Rodriguez-Salas, a native and citizen of Mexico, entered the United States without inspection in 1997, was served a notice to appear in 2013, and conceded that he was subject to removal at a hearing before an immigration judge in 2018. The only relief he sought at that time was cancellation of removal under 8 U.S.C. § 1229b(b)(1). "To be eligible for this form of relief, a nonpermanent resident alien like [Rodriguez-Salas] must prove four things: (1) he has been present in the United States for at least 10 years; (2) he has been a person of good moral character; (3) he has not been convicted of certain criminal offenses; and (4) his removal would impose an 'exceptional and extremely unusual' hardship on a close relative who is either a citizen or permanent resident of this country." *Pereida v. Wilkinson*, 141 S. Ct. 754, 759 (2021). If he fails to establish any one of those things, he is not eligible to have the removal order cancelled.

Here, the immigration judge found that the first two eligibility requirements were met, but that the last two were not. The BIA, however, relied solely on a failure to meet the hardship requirement. When the BIA issues its own decision, that becomes the "final agency determination" and we may review the immigration judge's reasoning only to the extent that the BIA adopted it. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Here, the BIA found the hardship issue dispositive and expressly declined to address whether Rodriguez-Salas's prior Arkansas conviction for assault on a family member was a disqualifying offense. So, although Rodriguez-Salas argues that his conviction did not disqualify him from relief, only the hardship determination is before us.

This court's jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a) "turns on the type of issue that an immigrant raises." *Singh*, 984 F.3d at 1148 (citing *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011)). The statute bars review of discretionary determinations and purely factual issues; but it preserves review of constitutional claims or questions of law—

including mixed questions of law and fact. *Id.* at 1148-49. To determine which type is at issue, we look to the substance of the immigrant's claim. *Id.* at 1149. Here, the substance of the challenge to the hardship determination does not contest the fact-finding *per se* or a denial of discretionary relief. Nor is there a constitutional challenge to the BIA's decision or a purely legal issue. Rather, as in *Singh*, Rodriguez-Salas contends that the BIA erred in its application of the hardship standard to settled facts. This presents a mixed question of law and fact that we have jurisdiction to review.

Rodriguez-Salas does not dispute that the IJ and BIA articulated the correct legal standards, including that "exceptional and extremely unusual hardship" must be "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. &N. Dec. 56, 62 (BIA 2001). The factors to be considered include the ages, health, and circumstances of the qualifying relatives; family and community ties in the United States and abroad; and any adverse country conditions in the country of return to the extent that they affect qualifying relatives. *Id.* at 63. The factors must be "considered in the aggregate," but hardship factors relating to the applicant "can only be considered insofar as they may affect the hardship to a qualifying relative." *Id.* at 63-64; *see also In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472-73 (BIA 2002); *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322-24 (BIA 2002).

Rodriguez-Salas has two United States citizen children who were ages 12 and 15 at the time of the hearing in February 2018. He testified that he worked in construction and was the sole provider for his children until his divorce from their mother in 2011. He remained involved in raising his children until their mother stopped allowing visits about a year prior to the hearing. Rodriguez-Salas had not seen his children for a year, but he had started paying support two months prior to the hearing and was working on a visitation arrangement with their mother. He did not

know how his ex-wife supported their children. Rodriguez-Salas testified that his children attended school and did not have any learning, physical, mental, or health issues that he knew about. Importantly, he does not contest the IJ's finding that the children would remain in the United States and continue living with their mother and their maternal grandmother.

In challenging the BIA's decision, Rodriguez-Salas essentially claims that the BIA (and IJ) misweighed the hardship factors and failed to view them in the aggregate. In particular, he argues that too much weight was given to his estrangement from his children over the previous year because it was their mother who did not let him see them. Also, the IJ faulted Rodriguez-Salas for not pressing his rights to visitation or custody without acknowledging that his undocumented status made that a perilous endeavor. The BIA, however, acknowledged his belief that "his children need[ed] him to remain in their lives to help provide stability" and that he was "working out a visitation agreement with his former spouse." Whether he can or should be blamed for the estrangement is immaterial: it was undisputed that he had not seen his children for approximately a year and had withheld financial support until shortly before the hearing.

As the BIA recognized, Rodriguez-Salas's children "are likely to experience some emotional hardship and economic difficulty from their father's removal." He failed to show, however, "that this hardship would be materially more significant than that of other children whose parent must relocate outside the United States." As for financial hardship, the BIA considered the claim that his children would have a lower standard of living in the United States upon his removal to Mexico. But Rodriguez-Salas had not shown that he would be unable to work in Mexico given his prior work experience in construction and farming. The BIA also noted both that he had withheld financial support for his children in the past and that his children would remain in the United States in the care of their mother and maternal grandmother. With no other hardships

asserted, the BIA concluded that the hardship that his children would experience upon his removal to Mexico, "considered either individually or in the aggregate, does not meet the exceptional and extremely unusual standard."

*Singh* left unanswered the question of what standard of review should govern such mixed questions of law and fact. 984 F.3d at 1154. We likewise leave that question for another day both because the briefing here preceded our decision in *Singh* and because it could not affect the result. That is, whether reviewed for clear error or for substantial evidence, Rodriguez-Salas has not shown the BIA erred in its application of the hardship standard to the settled facts presented in this case.[1]

Accordingly, the petition for review is DENIED.

---

[1]Rodriguez-Salas argues in the alternative that it was arbitrary and capricious to deny him voluntary departure if he is not eligible for cancellation of removal. (Br. p. 14.) However, he neither sought voluntary departure before the IJ, nor presented the issue to the BIA. (Page ID # 8-15, 118.) We lack jurisdiction to review this unexhausted claim. *See Cuevas-Nuno v. Barr*, 969 F.3d 331, 334-35 (6th Cir. 2020).