RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

ALAIN CUEVAS-NUNO,

          *Petitioner*,

    *v.*

WILLIAM P. BARR, Attorney General,

          *Respondent*.

No. 20-3034

─────────────────

On Petition for Review from the Board of Immigration Appeals;
No. A 205 298 571.

Decided and Filed: August 7, 2020

Before: ROGERS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:** Peter Constantine M. Maniatis, SAENZ & MANIATIS, PLLC, Nashville, Tennessee, for Petitioner. Sarah A. Byrd, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

## OPINION

─────────────────

NALBANDIAN, Circuit Judge. The Immigration and Nationality Act makes clear that parties must exhaust their claims with the Board of Immigration Appeals before we can review them. This gives the Departments of Justice and Homeland Security "a full opportunity to consider a petitioner's claims, [and] avoid[s] premature interference with the agenc[ies'] processes[.]" *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004) (citation omitted). Alain Cuevas-Nuno failed to administratively exhaust each of the claims he brings before us. So we **DISMISS** his petition for lack of jurisdiction.

I.

Cuevas-Nuno, a native of Mexico, entered the United States illegally on an unknown date.  In 2012, the Department of Homeland Security ("DHS") charged Cuevas-Nuno as subject to removal from the United States, under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.  It personally served him with a notice to appear that included the following warning:

> Failure to appear at your hearing except for exceptional circumstances may result in . . . [y]our hearing [] be[ing] held in your absence[.] . . . [And a]n order of removal will be entered against you if the [DHS] establishe[s] by clear, unequivocal[,] and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

(AR 132–33.)  Cuevas-Nuno attended his first master hearing, admitted the allegations against him, and conceded removability as charged.  He then applied for cancellation of removal and made a successful motion to transfer his case from Virginia to the Immigration Court in Memphis, Tennessee.  That court set Cuevas-Nuno's next master hearing for October 4, 2017 and sent a notice of the hearing to Cuevas-Nuno's counsel of record.

Cuevas-Nuno did not attend his second hearing.  So the Immigration Judge conducted an in absentia hearing, found Cuevas-Nuno's cancellation of removal application abandoned, dismissed it for lack of prosecution, and ordered Cuevas-Nuno removed to Mexico.  Sixteen days later, Cuevas-Nuno moved to reopen.  In support of this motion he attached an affidavit, where he declared:  "I missed my Master Calendar Hearing on October 4th, 2017 in Tennessee Immigration Court because I became confused about the date of my hearing." (AR 68.) DHS opposed this motion, arguing that an Immigration Judge can only reopen an in absentia removal order if the alien shows that his failure to appear was because of "exceptional circumstances" as defined by statute and regulation; and confusion about the hearing date is not an exceptional circumstance.  The Immigration Judge agreed and denied Cuevas-Nuno's motion to reopen, finding this court's decision in *Acquaah v. Holder*, 589 F.3d 332 (6th Cir. 2009), controlling. The Immigration Judge also denied Cuevas-Nuno's motion because he failed to attach his application for cancellation of removal or any other evidence of his eligibility for cancellation of removal, as required by 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3).

Cuevas-Nuno then appealed to the Board of Immigration Appeals ("BIA"). In a three-page brief he raised only one argument: That the Immigration Judge erred in failing to exercise her sua sponte discretion to reopen her removal order because Cuevas-Nuno's confusion about his hearing date constitutes an exceptional situation. The brief attempts to explain Cuevas-Nuno's alleged confusion about his hearing date. It says Cuevas-Nuno told his counsel:

> [E]ven though he knew he had a Master Calendar Hearing on October 4, 2017, when he called [counsel's] office to confirm his hearing date and time he was told that his court date was on a different day. Thus, his confusion. [Counsel had] no reasons to believe that he will be [sic] lying about this, and unfortunately the person who was handling immigration clients at the time was discharged from [counsel's] firm around mid-January 2018.

(AR 7.) The BIA found Cuevas-Nuno's argument unavailing and affirmed the Immigration Judge without opinion. This petition follows.

## II.

Cuevas-Nuno raises four claims in his petition for review: That his counsel's employee allegedly provided Cuevas-Nuno an incorrect hearing date, and this error (1) constitutes an exceptional circumstance that justifies reopening the Immigration Judge's in absentia removal order under 8 U.S.C. § 1229a(b)(5)(C), (2) amounts to a lack of notice sufficient to reopen the removal order under 8 U.S.C. § 1229a(b)(5)(C)(ii), and (3) violates Cuevas-Nuno's due process right to be heard. His fourth claim is that the Immigration Judge erred by denying Cuevas-Nuno's motion for failing to submit evidence supporting his eligibility for cancellation of removal under 8 C.F.R. § 1003.2(c)(1) because Cuevas-Nuno did not move to reopen so that he could submit an application for relief. But we lack jurisdiction for all these claims.[1] We have jurisdiction to "review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"[2] 8 U.S.C. § 1252(d)(1); *see Hassan*

---

[1]The "Statement of the Issues" in Cuevas-Nuno's brief raises a fifth issue: "Whether Petitioner should be required to follow the procedural requirements of [*Matter of*] *Lozada*[, 19 I. & N. Dec. 637 (BIA 1988),] in arguing ineffective assistance of counsel as an exceptional circumstance when it is undisputed that his trial counsel gave Petitioner an incorrect hearing date." (Pet'r's Br. at 6.) But the brief discusses this issue within his claim that exceptional circumstances justify reopening the Immigration Judge's removal order. So we treat the *Lozada* arguments as part of the exceptional circumstances claim, rather than standalone claims.

*v. Gonzales*, 403 F.3d 429, 432 (6th Cir. 2005). And in *Ramani v. Ashcroft*, we interpreted this exhaustion requirement to require precision—it is stricter "than merely requiring an alien to exhaust all avenues of appeal; [it] further require[s] the alien to preserve *each claim* by presenting it to the BIA." 378 F.3d at 559 (emphasis added).[3]

We look to the alien's brief before the BIA to determine which claims the alien adequately raised before that body.[4] *See Hassan*, 403 F.3d at 433 n.5 ("[W]here the alien *does* file a separate written brief, 'all issues not raised in an appellant's briefs [are waived], even if the issue has been raised in the notice of appeal.'" (quoting *Ramani*, 378 F.3d at 559)). And Cuevas-Nuno's BIA brief doesn't mention lack of notice under 8 U.S.C. § 1229a(b)(5)(C)(ii), his due process right to be heard, or his failure to submit evidence supporting his eligibility for cancellation of removal. Thus, Cuevas-Nuno failed to exhaust his second, third, and fourth claims.

The brief does argue that Cuevas-Nuno's confusion about his hearing date constitutes an exceptional situation that justifies reopening the Immigration Judge's removal order. Still, the Government argues we lack jurisdiction because Cuevas-Nuno's BIA brief only discusses exceptional situations within the context of its argument that the Immigration Judge erred in failing to exercise her sua sponte discretion to reopen her removal order—not a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(i). We agree. It's well settled that we lack jurisdiction to

---

[2]There is some debate as to whether § 1252(d)(1)'s exhaustion requirement is truly "jurisdictional." *See Saleh v. Barr*, 795 F. App'x 410, 421–24 (6th Cir. 2019) (Murphy, J., concurring). But here the government contests Cuevas-Nuno's failure to exhaust his arguments before the BIA. So even if the exhaustion requirement is instead a claims-processing rule, it doesn't affect the outcome of this case.

[3]We also require issue exhaustion when agencies combine a general statute requiring "'administrative remedies' to be 'exhausted'" with regulations requiring identification of specific issues in a notice of administrative appeal. *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 746–47 (6th Cir. 2019) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). On top of 8 U.S.C. § 1252(d)(1), federal regulations require all notices of appeal filed with the BIA to include a statement of the basis of appeal, which "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." 8 C.F.R. § 1003.3(b). This regulation clarifies that § 1252(d)(1) requires issue exhaustion. *Cf. Island Creek Coal Co.*, 937 F.3d at 749 (holding that 20 C.F.R. § 802.211(a)'s requirement that petitions for review identify "specific issues to be considered" on appeal imposes an issue exhaustion requirement).

[4]And even though the BIA affirmed without opinion, "[t]he streamlined-affirmance-without-opinion procedure is *not* a dismissal, but instead a review of the merits of an appeal." *Hassan*, 403 F.3d at 433 (citing *Denko v. INS*, 351 F.3d 717, 729 (6th Cir. 2003)).

review a BIA decision declining to exercise its discretionary authority to sua sponte reopen a removal order. *Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014). And that's the only argument Cuevas-Nuno raised before the BIA. Unless it tells us otherwise, we presume the BIA decides appeals based on the arguments presented to it, not arguments neither party raises. *See Hassan*, 403 F.3d at 433 (holding that by summarily affirming an Immigration Judge's opinion, the BIA necessarily finds that the alien provided meaningful guidance to the BIA of the precise issues they contest on appeal); *Pilica v. Ashcroft*, 388 F.3d 941, 949 (6th Cir. 2004) ("Absent evidence to the contrary, this Court presumes that the BIA applied the correct standard of review."); *Denko v. INS*, 351 F.3d 717, 729 (6th Cir. 2003) (By issuing a summary affirmance "the BIA member agrees with the result reached by the IJ, . . . determines that any errors in the IJ's decision are harmless or nonmaterial[,] and that the issue raised is controlled by precedent and is not a novel issue[.]"). So Cuevas-Nuno is asking us to review a BIA decision outside our jurisdiction.

That said, "presenting an issue in a motion to reopen *sua sponte* is sufficient to exhaust that issue." *Gor v. Holder*, 607 F.3d 180, 186 (6th Cir. 2010). But Cuevas-Nuno's argument that the incorrect notice his counsel's employee gave him constitutes an "exceptional situation" sufficient for the Immigration Judge to sua sponte reopen her removal order is different from the issue of whether that conduct constitutes an "exceptional circumstance" sufficient to reopen the order under § 1229a(b)(5)(C)(i). The "exceptional circumstances" necessary to reopen under § 1229a(b)(5)(C)(i) are statutorily defined. *See* 8 U.S.C. § 1229a(e)(1). The BIA, on the other hand, judicially created the "exceptional situation" prerequisite to its discretionary authority to sua sponte reopen removal orders. *See In re J- J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). And there isn't "any statutory, regulatory, or case law definition" of that term. *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016) (quoting *Ekimian v. INS*, 303 F.3d 1153, 1156 (9th Cir. 2002)). Finally, in determining its jurisdiction, the Third Circuit rejected the argument that the terms' meanings are synonymous. *Dhanoa v. Attorney Gen. of the U.S.*, No. 14-3182, 2015 WL 3514730, at *2 n.4 (3d Cir. June 5, 2015). All in all, the available evidence shows that

"exceptional circumstances" and "exceptional situation" don't mean the same thing. So we hold that raising one of these claims before the BIA doesn't exhaust the other.[5]

It's clear that Cuevas-Nuno and his attorney were on notice of the legal distinction between "exceptional circumstances" and an "exceptional situation" before they filed their appeal with the BIA. In opposition to his motion to reopen before the Immigration Judge, the DHS cited § 1229a(b)(5)(C)(i)'s "exceptional circumstances" requirement and its statutory definition. What's more, the Immigration Judge's order denying Cuevas-Nuno's motion to reopen treated the motion as one to reopen based on exceptional circumstances. It also explained the definition of and requirements for "exceptional circumstances" under § 1229a(b)(5)(C)(i) and why Cuevas-Nuno's circumstances don't qualify. Yet Cuevas-Nuno chose not to respond to any of these arguments in his BIA brief. And he didn't cite a single case discussing "exceptional circumstances," or even § 1229a(b)(5)(C). Instead, his brief cites a litany of cases discussing Immigration Judges and the BIA's discretionary authority to sua sponte reopen removal orders and the regulation codifying this authority.

True, BIA precedent holds that ineffective assistance of counsel can amount to an "exceptional circumstance" (and the IJ here treated Petitioner's argument as one under "exceptional circumstances"). *Matter of Grijalva*, 21 I. & N. Dec. 472, 473–74 (BIA 1996). But to meet their burden of establishing exceptional circumstances in this specific context, petitioners must satisfy each element of the ineffective assistance framework set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA) (1988). *Matter of Grijalva*, 21 I. & N. Dec. at 473–74. Cuevas-Nuno, of course, made no attempt to argue or establish *Lozada*'s requirements. Instead, he raises his ineffective assistance argument for the first time in his briefing to this court. Cuevas-Nuno's motion to reopen mentions only that "he became confused about the date [of his hearing]." (AR 63.) So naturally the Immigration Judge's order doesn't discuss ineffective assistance. Then, despite describing for the first time Cuevas-Nuno's confusion as the result of ineptitude by counsel's staff, his BIA brief also omits any reference to ineffective assistance and fails to cite

---

[5]To be sure, Petitioner's BIA brief uses the phrase "exception circumstances" in a couple of places. But it only cites legal authority pertaining to a sua sponte reopening warranted by an "exceptional situation."

*Lozada*. So he didn't exhaust his exceptional circumstances claim by arguing ineffective assistance either.

At bottom, Cuevas-Nuno's BIA brief argued only that his exceptional situation warranted sua sponte reopening of his removal proceedings. But that's not the same as arguing that the Immigration Judge should have reopened her removal order under § 1229a(b)(5)(C) because of exceptional circumstances. So Cuevas-Nuno abandoned the latter. And abandoned claims aren't exhausted. *Irhibayeva v. Holder*, 549 F. App'x 421, 427 (6th Cir. 2013). Thus, we have no jurisdiction over any of the claims Cuevas-Nuno raises.[6]

III.

Because we lack jurisdiction, we **DISMISS** Cuevas-Nuno's petition for review.

---

[6]It appears that Cuevas-Nuno changed counsel for this appeal. We express no opinion on whether he can file a second motion to reopen based on his ineffective-assistance theory.