NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0168n.06

No. 21-3051

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| FIDELIA RAMIREZ-ROBLERO, et al., | ) | **FILED** |
| Petitioners, | ) | Apr 26, 2022 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
|  | ) | ON PETITION FOR REVIEW |
| MERRICK B. GARLAND, Attorney General, | ) | FROM THE BOARD OF |
| Respondent. | ) | IMMIGRATION APPEALS |

Before: ROGERS, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Fidelia Ramirez-Roblero petitions for review of an order of the Board of Immigration Appeals denying her application for asylum and withholding of removal. We dismiss the petition in part and deny it in part.

Ramirez-Roblero and her two minor daughters are citizens of Guatemala. They entered the United States without inspection in April 2015. Ramirez-Roblero says that they left Guatemala to escape her husband, who physically abused all three of them. In July 2015, the Department of Homeland Security initiated removal proceedings against Ramirez-Roblero and her daughters. Ramirez-Roblero conceded that they were removable, but applied, as relevant here, for asylum (on behalf of herself and her daughters) and for withholding of removal.

The immigration judge denied both forms of relief. Ramirez-Roblero appealed to the Board, which affirmed the immigration judge's decision without issuing an opinion of its own. This petition for review followed.

Ramirez-Roblero first argues that the immigration judge's purportedly "cursory treatment" of the elements of asylum violated her right to due process. We review alleged violations of due process in removal proceedings de novo. *See Hassan v. Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005). Specifically, Ramirez-Roblero complains that the immigration judge "did not address" one element of her asylum claim—namely whether her alleged harm met "the threshold for harm severe enough to warrant persecution." But the immigration judge denied asylum on other grounds: that Ramirez-Roblero had "not carried her burden of demonstrating that the police in Guatemala were either unable or unwilling to offer her protection from the persecution" and that she had "not demonstrated the requisite nexus" between her alleged harm and a particular social group. Each of those findings was, on its own, a sufficient reason to deny asylum. *See Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009). The immigration judge therefore did not need to issue "an advisory opinion" as to every other element. *Ortiz v. Garland*, 6 F.4th 685, 691 (6th Cir. 2021).

Ramirez-Roblero likewise argues that the Board's summary affirmance violated her right to due process. Circuit precedent forecloses that argument: we have held that the Board does not "violate an alien's rights to due process" when it summarily affirms the immigration judge without issuing its own opinion. *Denko v. I.N.S.*, 351 F.3d 717, 729–30 (6th Cir. 2003). In that situation, the immigration judge's decision becomes the final agency order and thus "the reasoned explanation needed for review." *Id.* at 729.

Ramirez-Roblero next argues that the immigration judge erred when it concluded that she had failed to prove that the Guatemalan government was unable or unwilling to protect her from persecution. The government responds that Ramirez-Roblero failed to exhaust her administrative remedies as to that argument. In an immigration appeal, we can consider "only claims properly

presented to the [Board] and considered on their merits." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). "We look to the alien's brief before the [Board] to determine which claims the alien adequately raised before that body." *Cuevas-Nuno v. Barr*, 969 F.3d 331, 334 (6th Cir. 2020). Here, in her brief before the Board, Ramirez-Roblero did not dispute the immigration judge's finding as to whether the Guatemalan government was willing or able to protect her from persecution should she return to Guatemala. We therefore lack jurisdiction to consider that argument now. *Id.* at 334–35.

We need not consider Ramirez-Roblero's final argument: that substantial evidence did not support the immigration judge's determinations that Ramirez-Roblero was not a member of a valid particular social group and that she failed to show the required nexus between that social group and future persecution. The immigration judge's conclusion that Ramirez-Roblero failed to prove that the Guatemalan government was unable or unwilling to protect her from persecution is sufficient to deny both asylum and withholding of removal. *See Ortiz*, 6 F.4th at 688 (asylum); *Al-Ghorbani*, 585 F.3d at 997 (withholding of removal).

Ramirez-Roblero's petition for review is dismissed in part and denied in part.