NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0195n.06
Case No. 22-3514

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 26, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CHERLIN GISSEL ALVARENGA-CANALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | O P I N I O N |

Before: BOGGS, McKEAGUE, and THAPAR, Circuit Judges.

**McKEAGUE, Circuit Judge.** Cherlin Gissel Alvarenga-Canales seeks review of an order

of the Board of Immigration Appeals (BIA) denying her motion to reopen and rescind her in

absentia removal order. We lack jurisdiction to review some of her arguments, as she failed to

raise them below, and dismiss those parts of her petition. For those portions properly before us,

we deny the petition.

## I. BACKGROUND

Petitioner Cherlin Gissel Alvarenga-Canales is a native and citizen of Honduras. She

entered the United States alone on or around May 25, 2016, when she was fourteen years old. At

that time Alvarenga-Canales was personally served with a Notice to Appear (NTA) charging her

with being present in the United States without admission or parole pursuant to 8 U.S.C.

§ 1182(a)(6)(A)(i). The NTA did not state a time, date, or location for Alvarenga-Canales's initial

hearing, noting that those specifics were "to be set." Because she was an unaccompanied minor, she remained in the custody of the Office of Refugee Resettlement until she was released into the custody of her mother.

The Department of Homeland Security commenced formal removal proceedings by filing a copy of the NTA with the immigration court, at which point the immigration court mailed Alvarenga-Canales a Notice of Hearing including the date, time, and location for her initial hearing.

The initial hearing occurred on February 17, 2017, with Alvarenga-Canales, at that point fifteen years old, and her mother both in attendance. The immigration judge (IJ) continued the proceedings to allow Alvarenga-Canales time to retain counsel. The IJ told Alvarenga-Canales and her mother that failure to retain counsel was not an acceptable reason to miss Alvarenga-Canales's next court date. Alvarenga-Canales's mother, however, claims that she believed retaining counsel was a mandatory requirement for the next hearing. The same day that her initial hearing was continued, Alvarenga-Canales, through her mother, was personally served with a notice stating that the next hearing would take place on February 13, 2018.

But Alvarenga-Canales failed to appear for her February 13, 2018 hearing. The IJ held the hearing notwithstanding Alvarenga-Canales's absence in accordance with Section 240(b)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(A), and sustained the removability charges against Alvarenga-Canales. Alvarenga-Canales was ordered removed in absentia. This decision was mailed to Alvarenga-Canales.

On July 30, 2020, over two years after the removal order was entered, Alvarenga-Canales, through counsel, filed a motion to rescind her in absentia removal order and reopen her immigration proceedings. Alvarenga-Canales, at that point eighteen years old, argued that

extraordinary circumstances prevented her from appearing at her February 13, 2018 hearing, that the 180-day period of time to file her motion should be tolled, and, alternatively, that the IJ should sua sponte reopen the case. The IJ denied Alvarenga-Canales's motion to reopen, explaining that her motion was untimely and exceptional circumstances did not exist to warrant equitable tolling. The IJ also declined Alvarenga-Canales's invitation to reopen the case sua sponte. Alvarenga-Canales appealed the decision to the BIA.

The BIA dismissed Alvarenga-Canales's appeal, concluding that Alvarenga-Canales failed to demonstrate that the IJ's findings were clearly erroneous. In so concluding, the BIA noted that it agreed with the IJ that Alvarenga-Canales failed to demonstrate that she exercised due diligence in pursuing relief, and, considering the totality of the circumstances, the BIA found that Alvarenga-Canales failed to demonstrate that exceptional circumstances prevented her from attending the hearing. This petition for review followed.

## II. STANDARD OF REVIEW

"A motion to reopen is a form of procedural relief that asks the Board to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019) (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018) (citing *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007)). The BIA abuses its discretion when its determination lacks "a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group." *Santos-Santos*, 917 F.3d at 489 (quoting *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010)). In reviewing an in absentia order, we are limited to considering: "(1) the validity of the notice provided to the alien, (2) the

reasons for the alien's not attending the proceedings, and (3) whether the alien is removable." *Id.* (citations omitted).

## III. ANALYSIS

Alvarenga-Canales argues that the BIA erred in two respects. First, in concluding that Alvarenga-Canales was properly served with an NTA in accordance with the Immigration and Nationality Act. And second, in finding Alvarenga-Canales's motion to reopen time-barred. We address each argument in turn.

### A. Notice

Alvarenga-Canales argues that she was not properly served with notice of the removal proceedings. She concedes that the immigration court had jurisdiction over her case, but argues that the notice she received did not comply with case law finding "the statutory requirements in INA § 239(a)(1)(G) mandatory procedural claim-processing rules." Pet. Br. at 8 (quoting *Matter of Fernandes*, 28 I. & N. Dec. 605, 608–09 (BIA 2022)); *see also Santos-Santos*, 917 F.3d at 490 ("[T]he INA . . . does not address jurisdictional prerequisites." (citations omitted)). Issues with this argument abound.

Most importantly, Alvarenga-Canales failed to raise this argument before the BIA, and, as such, we lack jurisdiction over her claim. *See Ramani v. Ashcroft*, 378 F.3d 554, 558–60 (6th Cir. 2004). Under 8 U.S.C. § 1252(d)(1), we have jurisdiction to "review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" This exhaustion requirement compels "precision—it is stricter 'than merely requiring an alien to exhaust all avenues of appeal; [it] further require[s] the alien to preserve *each claim* by presenting it to the BIA.'" *Cuevas-Nuno v. Barr*, 969 F.3d 331, 334 (6th Cir. 2020) (alterations in original)

(quoting *Ramani*, 378 F.3d at 559). When an alien files an appeal brief with the BIA, we look to that brief to determine which claims were properly raised. *Id.* (citation omitted).

Alvarenga-Canales's BIA appeal brief lacks any mention of any issue with her notice of the 2018 hearing. Instead, her brief raises arguments relating to the applicability of equitable tolling to her motion to reopen, the existence of exceptional circumstances justifying her late filing, and perceived error with the IJ's declining to sua sponte reopen her case. As Alvarenga-Canales failed to raise any concerns about notice before the BIA, her claim is "not subject to review by this court." *Ramani*, 378 F.3d at 560.

Seeming to understand this jurisdictional reality, Alvarenga-Canales nevertheless urges us to consider her argument as it "should not be foreclosed considering the significant abrogation of Sixth Circuit precedent that would constitute an exceptional chan[g]e in law that occurred . . . within 180 days after the final order of removal pursuant to INA § 240(b)(5)(A)." Pet. Br. at 9. She cites no caselaw in support of her contention that an exceptional change in the law excuses the jurisdictional defect arising from her failure to raise the issue before the BIA.

Furthermore, it's unclear what "significant abrogation" Alvarenga-Canales thinks occurred. She points to *Pereira v. Sessions*, a 2018 Supreme Court case. 138 S. Ct. 2105 (2018). But she filed her notice of appeal to the BIA in 2020, well after *Pereira* was issued. And even if it applied, *Pereira* would not change Alvarenga-Canales's case. There, the Supreme Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger *the stop-time rule*." *Id.* at 2110 (emphasis added). This case does not concern the stop-time rule, and, as we have explained when interpreting *Pereira* in this context, "jurisdiction vests with the immigration court where . . . the mandatory information about the time of the hearing is provided

in a Notice of Hearing issued after the NTA." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 314–15 (6th Cir. 2018) (internal citation omitted); *see also Ramos Rafael v. Garland*, 15 F.4th 797, 801 (6th Cir. 2021) (same); *Santos-Santos*, 917 F.3d at 490 (same); *Nkomo v. Att'y Gen. of United States*, 930 F.3d 129, 133 (3d Cir. 2019) (collecting cases from seven circuits rejecting Alvarenga-Canales's argument). *Pereira* does not change the outcome in this case.

Alvarenga-Canales also points to *Matter of Fernandes*, 28 I. & N. Dec. at 608–09, for the proposition that "the statutory requirements in INA § 239(a)(1)(G) [are] mandatory procedural claim-processing rules." Pet. Br. at 8. And to be sure, in *Fernandes* the BIA did say that "a claim-processing rule *may be* mandatory," but it also clarified that it meant mandatory "in the sense that the rule must be enforced *if it is properly raised*." *Id.* at 608 (emphasis added). The BIA went on to explain that it "will generally consider an objection to a noncompliant notice to appear to be timely if it is raised prior to the closing of pleadings before the Immigration Judge." *Id.* at 610–11. But, when the objection is not timely, the BIA explained that it is "waived or forfeited." *Id.* at 609. Application of *Fernandes* here simply demonstrates that Alvarenga-Canales "waived or forfeited" the possibility of BIA review of this notice argument when she failed to raise it with the IJ. At bottom, Alvarenga-Canales's notice argument is unexhausted and lacks merit.

## B. Equitable tolling

Alvarenga-Canales further argues that she established that exceptional circumstances exist meriting tolling of the filing deadline for her motion to reopen. After the entry of an in absentia removal order, a petitioner can seek recission of the order "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . ." 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). If an alien fails to meet this 180-day deadline, she can seek to invoke equitable

tolling, a doctrine that provides that "the statute of limitations will not bar a claim if the plaintiff, despite *diligent* efforts, did not discover the injury until after the limitations period had expired." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (emphasis added) (quoting *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008)). We consider diligence both before learning the status of the appeal and after learning of the need for appeal. *Ajazi v. Gonzales*, 216 F. App'x 515, 519 (6th Cir. 2007) (citations omitted).

Alvarenga-Canales filed her motion to reopen outside of the 180-day window. As such, she was required to demonstrate that she exercised due diligence in pursuing relief in order to warrant equitable tolling of the deadline. The BIA concluded that Alvarenga-Canales did not demonstrate due diligence in pursuing relief, as she "did not describe her efforts in pursuing immigration relief between the issuance of the in absentia removal order in 2018 and her eighteenth birthday, a gap of approximately 2 years." BIA Decision, A.R. 4. On appeal, Alvarenga-Canales states that she "can only begin to exercise diligent efforts after discovery of the injury. In this case, this would require her to be notified of removal." Pet. Br. at 10–11. This cursory argument is unexhausted; the record below (including the affidavits of Alvarenga-Canales and her mother) contains no mention of failure to notify Alvarenga-Canales of her removal. 8 U.S.C. § 1252(d)(1). In fact, the record shows that Alvarenga-Canales was mailed a copy of the removal order when it was issued.

Alvarenga-Canales otherwise fails to address the BIA's due diligence conclusions. *Cf. Barry*, 524 F.3d at 724–25. As a result, she cannot prove that the BIA abused its discretion in declining to toll the statute of limitations. *See Mezo*, 615 F.3d at 620 ("[A]t a minimum, a petitioner seeking to resuscitate a time-barred immigration appeal must establish due diligence." (alteration in original) (citation omitted)).

And even if she had demonstrated that equitable tolling warranted finding her motion timely, Alvarenga-Canales fails to establish that the BIA abused its discretion in finding no exceptional circumstances here. Exceptional circumstances are defined as: "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). IJs consider the "totality of the circumstances" in determining whether a petitioner meets this standard. *Acquaah v. Holder*, 589 F.3d 332, 335 (6th Cir. 2009) (quoting *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003)). In finding that exceptional circumstances did not exist, the BIA discussed the considerations that Alvarenga-Canales presented, and noted that Alvarenga-Canales's young age at the time of the hearing "can be an important factor in determining whether exceptional circumstances exist." BIA Decision, A.R. at 5. Notwithstanding her young age, the BIA concluded that "[Alvarenga-Canales] has not demonstrated that . . . exceptional circumstances beyond her control prevented her from appearing at her second hearing." *Id.* at 5.

Alvarenga-Canales argues this was error, but also concedes that her "plight is generic and thus easily dismissible." Pet. Br. at 12. We cannot accept Alvarenga-Canales's argument that her self-proclaimed "generic" plight is also exceptional. [1] Alvarenga-Canales notes that she alleged

---

[1] Other parts of her brief lead us to further question whether Alvarenga-Canales's attorney believes exceptional circumstances exist here. *See, e.g.*, Pet. Br. at 12 ("Ostensibly, Petitioner could cross the border alone so it was not unreasonable for her to download a ride-sharing application or take public transportation from her home in Knoxville to Memphis immigration court."); *id.* ("[Alvarenga-Canales], by and through her attorneys, does not present the most sympathetic portrait for mercy."); *id.* at 12 ("Here, the requirements imposed upon Petitioner and guardian objectively do not amount to much. The Court already generously afforded them time to secure legal counsel but they failed. Their absence on February 13, 2018 will probably never be adequately explained." (internal citation omitted)); *id.* at 11 ("Although none of [her] statements are substantiated and seem speculative . . . .").

that she had a violent stepfather, that she was bullied because of her perceived sexual orientation at school, and that her biological father was stalking her before she fled Honduras. Pet. Br. at 11. However, Alvarenga-Canales does not provide any reason why these circumstances affecting her life in Honduras, devastating as they may have been, impacted her ability to attend her hearing in Tennessee years later. *See* 8 U.S.C. § 1229a(b)(5)(C) ("Such an order may be rescinded only . . . if the alien demonstrates that *the failure to appear* was because of exceptional circumstances . . . ." (emphasis added)). As such, Alvarenga-Canales fails to demonstrate error in the BIA's decision.

Continuing to push back, Alvarenga-Canales argues that the IJ incorrectly assumed that she was aware of her injury before the 180-day period ran, when in reality she was not aware of the injury. Pet. Br. at 10–11 ("Contrary to the IJ's interpretation, Petitioner was alleging she uncovered her inability to get to her second hearing over 180 days after the limitations period expired."). Alvarenga-Canales failed to make this argument before the IJ or the BIA. *See* I.J. Decision, A.R. at 46 ("[Alvarenga-Canales] is not alleging the discovery of an injury after the deadline's expiration."). And, as explained above, we lack jurisdiction over arguments raised for the first time on appeal and not properly exhausted below. *See Ramani*, 378 F.3d at 559; 8 U.S.C. § 1252(d)(1); *see also Viuda De Mejia v. Sessions*, 691 F. App'x 245, 248 (6th Cir. 2017) ("The law demands that a petitioner give the BIA a chance to develop a record and to consider her claims without judicial interference."). So we cannot hear this claim.[2]

---

[2] It's worth noting that this new argument—that Alvarenga-Canales was unaware of the proceeding until after the 180 days ran—directly contradicts other statements Alvarenga-Canales made below, where she described herself as "eager to attend her [February 13, 2018] hearing." S.A.R. at 4; *see also id.* at 30 (Alvarenga-Canales's mother attesting that "I decided to not take my daughter to her February 13, 2018 hearing. This was done in spite of her anguish and despair at not being able to be present in court."); A.R. at 11; *cf. Nicholas-Bartolome v. Holder*, 480 F. App'x 818, 823 (6th Cir. 2012) (finding substantial evidence supported an adverse credibility determination when the "[immigrant's] testimony at the IJ hearing contradict[ed] his prior statements").

## IV.  CONCLUSION

For these reasons, we DISMISS in part and DENY in part the petition for review.