NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0043n.06
No. 25-3275

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ERICA DE CASTRO-LOBO; JOUBERTH HENRIQUE LOBO-DE SOUZA, | ) ) ) | **FILED** Jan 22, 2026 KELLY L. STEPHENS, Clerk |
| Petitioners, | ) ) ) | ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| PAMELA BONDI, Attorney General, | ) ) | OPINION |
| Respondent. | ) ) ) | |

Before: STRANCH, BUSH, and READLER, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Erica De Castro-Lobo and her son, Jouberth Henrique Lobo-de Souza, petition for review of the decision of the Board of Immigration Appeals (BIA) denying their request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA concluded that the CAT claim fails because petitioners failed to show the Brazilian government would take part in, acquiesce in, or be willfully blind to any torture. We see no grounds to disturb that ruling. Meanwhile, the other claims fail because they were not exhausted before the BIA. We therefore **DENY** the petition for review.

\*     \*     \*

Petitioners are natives and citizens of Brazil. In 2016, the Department of Homeland Security initiated removal proceedings against them. After conceding removability, petitioners

sought asylum, withholding of removal, and CAT relief to avoid deportation.[1]  According to De Castro-Lobo, she was in an abusive relationship with her son's father.  She alleges that he repeatedly raped her, pulled her hair, broke her bones, and strangled her while they were in Brazil.  But she "never reported the abuse to authorities or sought medical attention for her injuries." AR065; *accord* AR126–27.

The father's family is politically connected; his uncle was mayor of De Castro-Lobo's town.  De Castro-Lobo claims that the father's family did not try to stop the abuse.  She also alleges he sold cocaine and was a member of a gang, but she could not remember its name.  In 2004, the father fled Brazil because his fellow gang members had been arrested.  He returned to Brazil in 2009 and contacted De Castro-Lobo, but she did not see him again until 2011.  She claims he threatened to kill her, and he faces an arrest warrant in Brazil for murder.

According to De Castro-Lobo's account, the father's last contact with her was in August 2011.  At some time during that month, she and her son went to a party at her brother's home, where the father threatened to kill her and everyone else at the party if they called law enforcement.  De Castro-Lobo also claims that, over the next five years, the father repeatedly called her family, threatening to kill her.  In 2014, she obtained a Brazilian court order allowing her to take her son to the United States.  The two illegally immigrated to the United States in 2016.  Subsequently, the father (still in Brazil) repeatedly called the son at his school in the United States, threatening to kill both him and De Castro-Lobo.  De Castro-Lobo then sought relief on behalf of herself and her son based on her claimed fear that she will be killed by the father if she returns to Brazil.

---

[1] De Castro-Lobo and her son assert the same grounds for relief, so we will only refer to De Castro-Lobo.

The Immigration Judge (IJ) denied relief, and the BIA affirmed. The BIA explained that, even if De Castro-Lobo's claims were credible, she had not established eligibility for asylum or withholding relief because the harm she alleged would not be based on her membership in a protected class. Nor could she base her claim for relief on her familial ties or her alleged status as a rape victim, as those characteristics did not amount to a legally cognizable particular social group receiving protection under the Immigration and Nationality Act. Finally, De Castro-Lobo had not shown with respect to her CAT claim that she would more likely than not be tortured in Brazil at the hands of, or with the permission or willful blindness of, a government official.

Upon petitioning this court for review, petitioners moved to stay their deportation, which we denied. The government informed the court that the son was set to be deported on or after August 26, 2025, but the record does not reflect whether that has taken place. Petitioners have also informed the court that they currently have a pending motion to reopen their case before the BIA because De Castro Lobo's American-citizen spouse has petitioned to adjust petitioners' status on their behalf. The outcome of that proceeding is not in the record, nor is any appeal from that proceeding properly before us.

\* \* \*

We review the BIA's opinion if the BIA issues a reasoned decision, and if it adopts the IJ's reasoning, we review the IJ's decision. *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005) (per curiam); *Kolov v. Garland*, 78 F.4th 911, 920 (6th Cir. 2023), *abrogated in part on other grounds by Riley v. Bondi*, 145 S. Ct. 2190 (2025). We may review only "the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), and we may affirm only for the reasons articulated in the BIA's decision, *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir.

3

2004). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Mateo-Esteban v. Garland*, 125 F.4th 762, 766 (6th Cir. 2025).

*       *       *

We reject the CAT claim for lack of government action. To obtain relief under CAT, the alien must show that the torture "is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "CAT does not afford protection to torturous acts inflicted by wholly private actors." *Zaldana Menijar v. Lynch*, 812 F.3d 491, 501 (6th Cir. 2015).

There is no evidence in the record that the father was a government actor. True, his family might have political connections, but an alien must show that the government is the entity doing the torture, consenting to it, or acquiescing in it. *Marqus v. Barr*, 968 F.3d 583, 587 (6th Cir. 2020). Even accepting De Castro-Lobo's account, she has not made this showing. Her testimony shows that the father is a private citizen who engages in much violent crime, not that he is a government actor. Nor has she shown that the government engaged in, consented to, or was willfully blind to, the father's alleged violence. Indeed, De Castro-Lobo never reported the incidents in question to authorities, and that failure "typically dooms a CAT claim." *Patel v. Bondi*, 131 F.4th 377, 382 (6th Cir. 2025). Nor does the record provide any other compelling evidence of government acquiescence. *See id.* Instead, the record contains substantial evidence that the Brazilian government is actively trying to protect women like De Castro-Lobo in this case, including with the military police. The BIA, therefore, properly affirmed the IJ's denial of De Castro-Lobo's CAT claim. *See Zaldana Menijar*, 812 F.3d at 501–02.

We reject the remaining claims for lack of exhaustion. All aliens "must exhaust their claims with the Board of Immigration Appeals before we can review them." *Cuevas-Nuno v. Barr*,

4

969 F.3d 331, 332 (6th Cir. 2020). When the alien is asserting an asylum and withholding of removal claim, she must rely on the same particular social groups before this court as she did before the agency—changing the definition of those groups renders the claims unexhausted. *See Viuda De Mejia v. Sessions*, 691 F. App'x 245, 247 (6th Cir. 2017).

Before the BIA, De Castro-Lobo asserted that she was a part of two particular social groups: (1) "[the father's] politically connected family" and (2) "Brazilian women subjected to domestic violence including rape." AR036–37. But in this court, she asserts two different particular social groups: (1) "Petitioner's family" and (2) "Brazilian women unable to leave abusive relationships." Petitioners' Brief at 19. Those are different particular social groups than those raised before the IJ and BIA, so the claims are not exhausted. And because she does not brief any challenges to the BIA's decision based on the particular social groups as she presented them to the IJ and the BIA, De Castro-Lobo has waived those challenges in this court. *See, e.g.*, *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).

The petition for review is therefore **DENIED**.[2]

---

[2] Petitioners raise several other claims in this court, but they do not change the outcome because they cannot overcome the failings noted above.