NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0330n.06

No. 22-3990

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARIA LUPITA LOPEZ-HERNANDEZ; YEILIN NICOHOL AYALA-LOPEZ; YEIRIN JULISSA AYALA-LOPEZ, | ) ) ) ) | **FILED** Jul 19, 2023 DEBORAH S. HUNT, Clerk |
| Petitioners, | ) ) | |
| v. | ) ) ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) ) | |
| Respondent. | ) ) | |

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

**CLAY, Circuit Judge.** Petitioners Maria Lupita Lopez-Hernandez and her two daughters,

Yeilin Nicohol Ayala-Lopez and Yeirin Julissa Ayala-Lopez, petition for review of an order of the

Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ")

denying their applications for asylum and withholding of removal under sections 208(b)(1)(A) and

241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A),

and denying relief under the Convention Against Torture ("CAT"). For the reasons that follow,

the petition for review is **DENIED**.

## BACKGROUND

Maria Lupita Lopez-Hernandez and her two daughters, Yeilin Nicohol Ayala-Lopez and

Yeirin Julissa Ayala-Lopez, are natives and citizens of Honduras. Ms. Lopez's older daughter,

Yeilin, was born deaf and mute. In Honduras, Yeilin was unable to communicate with her teachers

or other students, learn how to read or write, or make friends because of her disability. At school, Yeilin suffered abuse from other students who bullied and physically attacked her, and her teachers did not intervene. Yeilin's sister, Yeirin, often defended Yeilin from other students at school, despite being the younger of the two. Yeilin briefly attended a school for disabled children, but it was a long distance from her home and Ms. Lopez was unable to pay for Yeilin to continue attending the school. Yeilin developed depression; she stopped attending school entirely at age twelve.

In 2015, a cousin of Yeilin's and Yeirin's, Luis Antonio Ramos-Gomez, was killed close to Ms. Lopez's home. The police did not investigate Luis' killing, and it is unknown why Luis was killed. Later, the man suspected of killing Luis was himself killed. The mother of that man repeatedly threatened Yeirin because the mother believed that Yeirin's father had ordered the killing of her son in retaliation for Luis' killing. In the same year, Ms. Lopez's house was robbed twice. Yeilin and her mother and sister fear returning to Honduras because of the danger of the country and because of the hardship Yeilin faces on account of her disability.

Petitioners arrived in the United States on April 2, 2016 without being admitted or paroled. The Department of Homeland Security initiated removal proceedings against Petitioners by filing notices to appear with the immigration court charging Petitioners with being subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Petitioners admitted the factual allegations in the notices to appear and conceded removability under 212(a)(6)(A)(i), but petitioned for asylum, withholding of removal, and protection under the CAT.

At the hearing before the IJ on June 21, 2019, all three Petitioners testified as to the factual basis of their applications. Petitioners asserted that Yeilin belonged to the particular social group

of disabled individuals, and that Ms. Lopez and Yeirin belonged to the particular social group of immediate family members of disabled individuals.

In an oral ruling, the IJ denied Petitioners' applications to stay in the United States. The IJ made positive credibility findings and adopted the testimony of each of the Petitioners as the factual findings in the case. Further, the IJ determined that Petitioners belonged to cognizable particular social groups. As to nexus, the IJ found there was a nexus between the harm suffered by Yeirin and her family members and their membership in particular social groups, though no nexus with the killing of Luis because none of the Petitioners knew why he was killed. However, the IJ found that the harm suffered by Yeilin did not rise to the level of persecution. Regarding future persecution, the IJ found that Petitioners established a subjectively reasonable fear of persecution, but that they did not make an objectively reasonable showing that they would suffer future persecution if returned to Honduras.

Because the IJ rejected Petitioners' asylum claims, the IJ also determined that Petitioners failed to meet their burden for withholding of removal, a claim with a higher burden of proof than asylum. The IJ additionally denied Petitioners' claims for protection under the CAT, because the IJ found Petitioners did not establish a particularized threat of torture by Honduran state actors or any private person or group acting with the consent or acquiescence of the Honduran government.

Thereafter, Petitioners appealed to the BIA. Before the BIA, Petitioners argued that the IJ erred in finding that the past harm they suffered did not rise to the level of persecution.[1] The BIA adopted and affirmed the IJ's decision to deny Petitioners relief from removability. In that

---

[1] Petitioners also appealed the IJ's ruling to the BIA on the ground that the IJ erroneously applied the standard set out in *Matter of A-B-*, 27 I. & N. Dec. 316 (2018), which has been overturned. *See Matter of A-B-*, 28 I. & N. Dec. 307 (2021). However, Petitioners do not raise this issue on appeal, and so it is not before this Court.

decision, the BIA agreed with the IJ that Petitioners did not establish "sufficient emotional trauma, harassment, and discrimination to rise to the level of past persecution."

This timely petition for review followed.

## DISCUSSION

This Court has jurisdiction to review a final removal order issued by the BIA under 8 U.S.C. § 1252. *See Marikasi v. Lynch*, 840 F.3d 281, 286 (6th Cir. 2016). "Where the BIA reviews the immigration judge's decision and issues a separate opinion, . . . we review the BIA's opinion as the final agency determination." *Sanchez-Robles v. Lynch*, 808 F.3d 688, 691–92 (6th Cir. 2015) (alteration in original) (quoting *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009)). "However, to the extent the BIA adopted the immigration judge's reasoning, this court also reviews the immigration judge's decision." *Id*. at 692.

When this Court reviews a removal order denying asylum, withholding of removal, or CAT protection, the factual findings of the IJ and the BIA are reviewed for "substantial evidence." *Marouf v. Lynch*, 811 F.3d 174, 180 (6th Cir. 2016) (citation omitted). This is a "deferential standard: [a] reviewing court should not reverse simply because it is convinced that it would have decided the case differently." *Marikasi*, 840 F.3d at 287 (citation omitted). Rather, "[r]eversal is warranted only when the evidence not only supports a contrary conclusion[] but indeed compels it." *Juan Antonio v. Barr*, 959 F.3d 778, 788 (6th Cir. 2020) (emphasis omitted) (internal quotation marks omitted) (quoting *Mandebvu v. Holder*, 755 F.3d 417, 424 (6th Cir. 2014)); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary…."). Questions of law are reviewed *de novo*. *Marikasi*, 840 F.3d at 286.

### I.     Past Persecution

Under the Immigration and Nationality Act, the United States has discretion to grant asylum to persons considered to be refugees.  8 U.S.C. § 1158(b)(1)(A).  The burden is on the asylum applicant to show that he or she is a refugee.  *Id*. § 1158(b)(1)(B)(i).  To determine whether someone qualifies as a refugee, an applicant must show that he or she is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of" his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  A "nexus" exists that satisfies the statute when the applicant shows that at least one of the five characteristics listed above "was or will be at least one central reason for [his or her] persecuti[on]."  8 U.S.C. § 1158(b)(1)(B)(i).

Both the IJ and the BIA determined that the past harm Petitioners suffered did not rise to the level of persecution.  Petitioners challenge that conclusion on appeal to this Court.  Persecution is defined as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive."  *Thap v. Mukasey*, 544 F.3d 674, 681 (6th Cir. 2008) (citation omitted).  However, persecution "does not encompass all treatment that our society regards as unfair, unjust, unlawful, or even unlawful or unconstitutional."  *Marikasi*, 840 F.3d at 288 (citation omitted).  A "few isolated incidents of verbal harassment or intimidation" do not qualify as "persecution," when those incidents are "unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty."  *Mikhailevitch v. INS*, 146 F. 3d 384, 390 (6th Cir. 1998).

As evidence of persecution, Petitioners point to the verbal and physical harm Yeilin suffered from other students at her school, and the lack of intervention by teachers, which caused

Yeilin to stop attending school and contributed to her depression. Because Yeilin was unable to attend school in Honduras, Petitioners argue that she is disadvantaged in life. However, the evidence does not compel a finding that this harm rises to the level of persecution rather than mere harassment. *See Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005) ("Types of actions that might cross the line from harassment to persecution include: detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture.") (citation omitted). Regarding the killing of Luis and the robberies at Ms. Lopez's house, the IJ found that there was no nexus between these events and Petitioners' membership in particular social groups, and Petitioners do not challenge that finding on appeal. Accordingly, these events do not support a finding that Petitioners experienced persecution. *See Zaldana Menijar v. Lynch*, 812 F.3d 491, 501 (6th Cir. 2015) ("[W]idespread crime and violence does not itself constitute persecution on account of a protected ground.").

Nor does the evidence regarding the lack of support Yeilin experienced at school and the economic disadvantages she faced compel the conclusion that she experienced persecution. "Economic deprivation constitutes persecution only when the resulting conditions are sufficiently severe." *Stserba v. Holder*, 646 F.3d 964, 976 (6th Cir. 2011) (citation omitted). Further, economic deprivation must be deliberately imposed by a country's government or by a private party whom the government is unable or unwilling to control. *Id.* at 973. Petitioners have not shown that the economic deprivation Yeilin suffered was deliberately imposed by the Honduran government.

Finally, Petitioners contend that the IJ failed to account for Yeilin's and Yeirin's young ages, in contravention of guidelines developed by the United States Department of Justice and the United Nations. However, the record shows that the IJ acknowledged that Yeilin was a minor and

experienced harm while at school. Petitioners do not point to anywhere in the record where the IJ improperly treated Yeilin or Yeirin as an adult.

Accordingly, we conclude that the evidence does not compel a conclusion contrary to the IJ's and the BIA's conclusion that the harm Petitioners suffered on account of their membership in particular social groups did not rise to the level of persecution.

## II.     Other Claims

On appeal to this Court, Petitioners raise several alternative arguments as to why the IJ erred in denying them asylum and in denying them relief under the CAT. Specifically, Petitioners argue that the IJ erred in: (1) finding that Petitioners failed to establish an objectively reasonable fear of future persecution; (2) finding that Petitioners did not demonstrate that the government of Honduras was unable or unwilling to control the individuals who openly abuse disabled individuals; (3) failing to consider whether Petitioners could safely relocate to another part of Honduras; and (4) finding that Petitioners were not entitled to relief under the CAT.

This Court reviews "a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "We look to the alien's brief before the BIA to determine which claims the alien adequately raised before that body." *Cuevas-Nuno v. Barr*, 969 F.3d 331, 334 (6th Cir. 2020). In their brief before the BIA, Petitioners raised only one argument, namely that that the IJ erred in concluding that the harm Petitioners had suffered did not rise to the level of past persecution. Accordingly, Petitioners' other arguments on appeal to this Court were not adequately raised before BIA. Thus, Petitioners failed to exhaust these claims.

The administrative exhaustion requirement set forth by 8 U.S.C. § 1252(d)(1) is not jurisdictional in nature but, rather, a claims-processing rule subject to forfeiture and waiver. *See*

*Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023). The government properly raises Petitioners' failure to exhaust these claims in its briefing. Accordingly, because Petitioners did present these arguments to the BIA, and because the government has not forfeited or waived the exhaustion requirement, we decline to consider these administratively unexhausted claims. *See* 8 U.S.C. § 1252(d)(1); *see also Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it.").

### III.    Constitutional Claim

Petitioners raise a due process violation, alleging that there was a defect in the removal proceedings because the IJ and the BIA "failed to consider all factors present," and that the opinions lacked "adequate factual and legal analysis." Pet'rs' Br. at 41.

"[T]he Fifth Amendment's Due Process Clause mandates that removal hearings be fundamentally fair and that a petitioner is entitled to a full and fair hearing." *Abdallahi v. Holder*, 690 F.3d 467, 472–73 (6th Cir. 2012). Whether removal proceedings reflect a denial of due process is a question of law that we review *de novo*. *Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008) (quoting *Vasha v. Gonzales*, 410 F.3d 863, 872–73 (6th Cir. 2005)). In reviewing an alleged due process violation, we conduct a two-step inquiry: (1) whether "there was a defect in the removal proceeding;" and (2) "whether the alien was prejudiced because of it." *Vasha*, 410 F.3d at 872. A due process violation occurs only when "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005) (citation omitted).

Petitioners fail to establish that there was a defect in the removal proceeding. As for the hearing before the IJ, the IJ considered the testimony of all three Petitioners, whom the IJ deemed

credible, and considered the documentary evidence. Petitioners do not identify any specific evidence or factors that the IJ purportedly failed to consider. And in any event, because Petitioners failed to raise these arguments to the BIA, they therefore failed to exhaust them, and the issue is not properly before this Court. *See Singh v. Rosen*, 984 F.3d 1142, 1156 (6th Cir. 2021) (holding that an alien must raise a correctable due-process claim with the BIA in order to exhaust it pursuant to § 1252(d)(1)).

As for the BIA's decision, Petitioners argue that the BIA erred in failing to consider issues outside of past persecution. However, this was the only issue that Petitioners presented to the BIA. The BIA was not required to consider issues not raised to it on appeal. *See Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012) (issues not raised to the BIA on appeal are deemed waived). Because there is no evidence of any defect in the removal proceedings, we conclude that Petitioners did not face prejudice that would violate their due process rights.

## CONCLUSION

For the reasons stated above, we **DENY** the petition for review.