RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0063p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

VITALINA LUCAS LOPEZ,

          *Petitioner*,

   *v.*

MERRICK B. GARLAND, Attorney General,

          *Respondent*.

No. 20-3762

─────────────────

On Petition for Review from the Board of Immigration Appeals;
No. A 097 208 903.

Decided and Filed:  March 12, 2021

Before: BATCHELDER, GRIFFIN, and BUSH, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Russell S. Mainord, THE LAW OFFICES OF RUSSELL S. MAINORD, Hixson, Tennessee, for Petitioner.  Anthony O. Pottinger, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

## OPINION

─────────────────

JOHN K. BUSH, Circuit Judge.  In 2004, an Immigration Judge (IJ) issued an in absentia removal order for Vitalina Lopez.  Fourteen years later, the IJ denied her motion to reopen those proceedings.  The Board of Immigration Appeals (BIA) dismissed Lopez's appeal.  Lopez now petitions for review of that decision and asks that we also assess the BIA's decision not to sua sponte reopen her case under its discretionary authority.  We deny Lopez's petition and dismiss her additional request for lack of jurisdiction.

I.

Vitalina Lopez is a native and citizen of Guatemala who entered the United States in the 1990s without admission or parole.  In 2003, the government initiated removal proceedings against Lopez, charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i).   The government sent Lopez a Notice to Appear for her removal proceeding that contained a warning in English that if she failed to attend the hearing, the IJ could order her removal, and she might be arrested and detained by the Immigration Naturalization Service (INS) as a result.  Lopez failed to appear at her removal hearing as directed, so the IJ ordered her removal in absentia. Immigration officials detained Lopez a few years later.

On December 6, 2017, Lopez filed a motion with the immigration court to reopen her removal proceedings, claiming that she was the derivative beneficiary of her husband's pending application for protection under the Nicaraguan Adjustment and Central American Relief Act (NACARA).  The IJ denied Lopez's motion, finding that Lopez's NACARA-based claims were untimely and that her motion failed to include the required documents.  The IJ also declined to exercise its discretionary authority to sua sponte reopen Lopez's removal proceedings.

On June 22, 2020, the BIA adopted and affirmed the IJ's decision and dismissed Lopez's appeal as untimely and without merit.  It also rejected Lopez's additional argument on appeal that the 2004 in absentia order of removal should be rescinded because the Notice to Appear was delivered in English, not in her native language.  And like the IJ, the BIA rejected Lopez's request that it exercise its discretionary authority to sua sponte reopen her removal proceedings. Lopez petitions for review of the BIA's decision.

II.

*Motion to Reopen.*  Where, as here, "the BIA provides its own reasoning for denying a motion to reopen rather than summarily affirming the IJ, we review the BIA's decision as the final agency determination." *Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010).  Our review is for abuse of discretion. *Id.*  "The BIA abuses its discretion only when its determination was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'"

*Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015) (quoting *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010)).

Lopez argues that the BIA abused its discretion when it denied her motion to reopen because it overlooked the IJ's original error in issuing its 2004 in absentia order of removal. The BIA may rescind an in absentia order of removal and reopen proceedings in one of three circumstances:

> (1) the alien files a motion within 180 days of the removal order and demonstrates that he failed to appear due to exceptional circumstances, (2) the alien files a motion at any time showing that he failed to appear because he was in federal or state custody, or (3) the alien files a motion at any time showing that he did not receive proper written notice.

*Id.* at 643 (citing 8 U.S.C. § 1229a(b)(5)(C)). Lopez argues here, as she did before the BIA, that she did not receive proper notice. "We review de novo the adequacy of notice, but 'accord a great deal of deference to the Attorney General's and the [BIA]'s permissible construction of the statute which they administer.'" *Santos-Santos v. Barr*, 917 F.3d 486, 491 (6th Cir. 2019) (quoting *Soumah v. Holder*, 403 F. App'x 999, 1001 (6th Cir. 2010)).

An alien must be provided written notice of his or her removal proceeding. 8 U.S.C. § 1229(a)(1). And an order of removal can be issued in absentia only if the alien received proper notice and failed to attend the proceeding. *Id.* § 1229a(b)(5)(A). Lopez received notice of her removal proceeding in 2003, and she failed to attend the proceeding the following year. She argues that the notice violated her due process rights because it did not detail, in her native language, the consequences of her failing to attend the proceeding. She also argues that the Rule of Lenity requires us to interpret the Immigration Nationality Act to require notice in the party's native language. Both arguments are without merit.

First, as we have previously recognized, notice "in English to a non-English-speaker typically satisfies due process because it puts the alien on notice that further inquiry is needed, leaving the alien to seek help from someone who can overcome the language barrier." *Patel v. Sessions*, 751 F. App'x 795, 799 (6th Cir. 2018) (quoting *Winquan Zhong v. Sessions*, 744 F. App'x 921, 924 (6th Cir. 2018)). Second, we have held time and again that the INA "does not

require that the [Notice to Appear] be explained or written in an alien's native language." *E.g.*, *Saldana-Navarro v. Whitaker*, 759 F. App'x 427, 429 (6th Cir. 2018) (quoting *Patel*, 751 F. App'x at 799). Put differently, the BIA did not abuse its discretion in denying Lopez's motion.

*Sua Sponte Reopening.* Under 8 C.F.R. § 1003.2(a), the BIA has authority to sua sponte reopen removal proceedings. Lopez argues that the BIA should have exercised that authority in her case, notwithstanding its denial of her motion to reopen. We, however, "lack jurisdiction to review a BIA decision declining to exercise its discretionary authority to sua sponte reopen a removal order." *Cuevas-Nuno v. Barr*, 969 F.3d 331, 335 (6th Cir. 2020). The matter ends there.

## III.

We deny Lopez's petition for review of the BIA's decision regarding her motion to reopen and dismiss her petition for review of the BIA's decision declining to exercise its discretionary authority.