# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3180

———————————————

Fredy Jonas Aguilar-Grave, by next friend Alfredo Aguilar

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: June 10, 2021
Filed: June 15, 2021
[Unpublished]

——————————

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Guatemalan native and citizen Fredy Jonas Aguilar-Grave was ordered removed in absentia when he failed to appear for his scheduled hearing before an immigration judge. He filed a counseled motion with the immigration judge to reopen his removal proceedings and rescind his in absentia removal order based on "exceptional circumstances." The immigration judge denied the motion, and the

Board of Immigration Appeals (BIA) dismissed his appeal. Guatemalan citizen and native Alfredo Aguilar Garcia petitions for review of the BIA's order on behalf of Aguilar-Grave, his minor son. Having reviewed the record, we conclude that we may not review Aguilar-Grave's newly raised arguments regarding the notice he received because he did not exhaust them in his proceedings before the agency. See 8 U.S.C. § 1252(d)(1); Chak Yiu Lui v. Holder, 600 F.3d 980, 984 (8th Cir. 2010); Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006). We further conclude that the agency did not abuse its discretion in denying the motion to reopen because Aguilar-Grave failed to demonstrate "exceptional circumstances" within the meaning of the Immigration and Nationality Act (INA), based on his father's failure to translate the notice received and lack of understanding of the immigration process. See 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1); Kucana v. Holder, 558 U.S. 233, 243-53 (2010) (standard of review). The INA does not require that notice be provided in a noncitizen's native language, see Lopez v. Garland, 990 F.3d 1000, 1003 (6th Cir. 2021), and the lack of knowledge regarding the immigration process does not excuse Aguilar-Grave's absence, see Gitau v. Mukasey, 520 F.3d 906, 908-09 (8th Cir. 2008).

Accordingly, we deny the petition for review.

_____