NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0436n.06

Case No. 22-3987

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 12, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| TAUQIR ATHER NIAZI, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| Respondent. | ) | |
| | ) | OPINION |

Before: CLAY, KETHLEDGE, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.**  Tauqir Ather Niazi petitions for review of the Board of Immigration Appeals' ("BIA") denial of his untimely motion to reopen removal proceedings.  For the reasons that follow, we dismiss Niazi's petition for review for lack of jurisdiction, in part, and otherwise deny the petition.

## I.

Niazi, a native and citizen of Pakistan, came to the United States in July 1999 on a six-month nonimmigrant visitor's visa.  He did not leave after the visa expired, and in March 2010, the Department of Homeland Security initiated removal proceedings.  Niazi appeared before an Immigration Judge ("IJ") in December 2010 and conceded that he was removable.  In February 2011, Niazi applied for cancellation of removal based on his assertion that his removal would

cause "exceptional and extremely unusual hardship" to his wife and daughters, who were United States citizens. A.R. at 926–35.

On April 17, 2020, the IJ issued an oral decision denying Niazi's application for cancellation of removal and ordering him removed to Pakistan. On November 4, the BIA dismissed Niazi's appeal. We denied Niazi's petition for review of the BIA's decision. *Niazi v. Garland*, No. 20-4270, 2021 WL 2838390, at *5 (6th Cir. July 8, 2021).

On November 20, 2020, Niazi married his current wife. Four months later, his wife filed an I-130 visa petition on Niazi's behalf.

On July 26, 2021, more than eight months after the BIA dismissed his appeal, Niazi filed a motion to reopen proceedings with the BIA seeking to pursue adjustment of status. According to Niazi, his wife became a United States citizen on June 28, 2021, after the 90-day deadline to file his motion to reopen had passed, and because this new fact had only recently arisen, "equity demand[ed] that his case be reopened, whether by the [BIA] in their discretion sua sponte or via equitable tolling." A.R. at 18–19. The Attorney General opposed the motion.

The BIA denied Niazi's motion on October 27, 2022, holding that the motion was untimely because it was "filed more than 90 days after the final administrative order of removal was entered on November 4, 2020." *Id.* at 3; *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA found that the motion was not subject to any statutory exceptions to the 90-day filing deadline, and although Niazi "generally assert[ed] that equitable tolling appli[ed]," he did not "specifically argue[] any basis for equitable tolling[.]" A.R. at 3. The BIA also rejected Niazi's request to sua sponte reopen his case, as such authority "is not used as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary

remedy reserved for truly exceptional situations." *Id.* at 4 (citing *In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999)).

## II.

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). The 90-day period is subject to narrow exceptions,[1] including the BIA's ability to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a). *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008). Although Niazi does not dispute that his motion to reopen was untimely, he argues that the BIA abused its discretion by: (1) failing to exercise its sua sponte authority to reopen proceedings, and (2) refusing to apply equitable tolling to excuse Niazi's failure to timely file. We address each argument in turn.

### A. Sua Sponte Reopening

Although the denial of a motion to reopen is generally reviewed for abuse of discretion, "we apply a different rule" when reviewing the BIA's exercise of its sua sponte authority. *Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014). Under our precedent, the BIA's exercise of its sua sponte authority "'is committed to the unfettered discretion of the BIA' and therefore is not subject to judicial review." *Id.* (quoting *Barry*, 524 F.3d at 723). Therefore, we "lack jurisdiction to review a BIA decision declining to exercise its discretionary authority to sua sponte reopen a removal order." *Lopez v. Garland*, 990 F.3d 1000, 1003 (6th Cir. 2021) (quotation omitted); *see also Rais*, 768 F.3d at 460.

---

[1] Niazi does not argue that any of the statutory exceptions apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(3).

**B. Equitable Tolling**

Niazi argues that the BIA erred in denying reopening based on equitable tolling, which "[s]trictly defined, . . . is the doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Barry*, 524 F.3d at 724 (quotation omitted). We review this issue for abuse of discretion, which "requires us to decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (alteration in original) (quoting *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006)). "Because the BIA has such broad discretion, a party seeking reopening . . . bears a 'heavy burden.'" *Id.* (alteration in original) (quoting *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007)).

The BIA denied Niazi's motion because, aside from his general assertions that equitable tolling applied, he did not "specifically argue[] any basis for equitable tolling and the motion [did] not fall within" any statutory exception to the 90-day deadline. A.R. at 3.

The Attorney General argues we should not consider Niazi's equitable-tolling argument because the BIA did not address the merits of this argument and Niazi did not develop the argument in his opening brief before us.

We agree with the Attorney General that Niazi has failed to preserve his equitable-tolling claim. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional but is still a mandatory claims-processing rule); *see also Rais*, 768 F.3d at 463 ("[I]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996))). The BIA

did not consider Niazi's equitable-tolling claim on the merits. Furthermore, Niazi has not made a strong showing to support equitable tolling. Niazi's primary argument—before us and the BIA—is that his wife had only recently become a United States citizen, and as a result, "the new facts entitling him to relief had only just arisen and equity demand[ed] that his case be reopened, whether by the [BIA] in their discretion *sua sponte* or via equitable tolling." D. 20 at p.12; *see* A.R. at 18–19. Although Niazi mentions equitable tolling, he does not "apply any relevant case law, such as the five-factor test we use to evaluate whether equitable tolling applies." *Dable v. Barr*, 794 F. App'x 490, 496 (6th Cir. 2019) (citing *Barry*, 524 F.3d at 724). Just as we found in *Dable*, the failure to do so leads us to conclude that Niazi "did not reasonably develop" his argument before the BIA, and as a result, we cannot consider it. *See id.* at 496.

Niazi's reliance on *In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (B.I.A. 2002) does not convince us otherwise. *In re Velarde-Pacheco* dealt with a *timely* motion to reopen, and the BIA specifically stated that it was not "address[ing] motions to reopen filed after the 90-day deadline has passed." *See id.* at 256. It is undisputed that Niazi's motion was untimely. Therefore, *In re Velarde-Pacheco* is inapposite. *Id.* at 256–57. Moreover, although Niazi cites cases that he claims show the BIA consistently tolls the filing deadline based on similar new facts, he fails to explain how those cases justify reopening in his case.

**III.**

For these reasons, we **DISMISS** the petition for review insofar as we lack jurisdiction to review the BIA's failure to exercise its sua sponte authority and otherwise **DENY** the petition.