NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0068n.06

No. 24-3219

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 05, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| LUIS GABRIEL ESPINOZA-ANGUIANO, | ) | |
| Petitioner, | ) ) | |
| | ) | ON PETITION FOR REVIEW FROM |
| v. | ) | THE UNITED STATES BOARD OF |
| | ) | IMMIGRATION APPEALS |
| JAMES R. MCHENRY, III, Acting Attorney General, | ) ) ) | OPINION |
| Respondent. | ) ) | |

Before: GILMAN, STRANCH, and LARSEN, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** An immigration judge (IJ) issued a removal order for Luis Gabriel Espinoza-Anguiano in 2000. In 2021, Espinoza-Anguiano moved to reopen and terminate removal proceedings on the ground that his Notice to Appear (NTA) had not provided him with the time and date of his removal hearing. The IJ denied the motion, Espinoza-Anguiano appealed, and the Board of Immigration Appeals (BIA) dismissed the appeal. Espinoza-Anguiano has filed a timely petition for review of the BIA's decision. For the reasons set forth below, we **DENY** the petition for review.

## I. BACKGROUND

Espinoza-Anguiano, a native and citizen of Mexico, entered the United States in 1996 without being admitted or paroled. The government initiated removal proceedings against him in 1999, charging Espinoza-Anguiano with removability under the Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). On July 15, 1999, the government served

Espinoza-Anguiano with a NTA for a removal hearing at a date and time to be set in a further notice. The Immigration Court mailed Espinoza-Anguiano a Notice of Hearing (NOH) a little more than a month later, on August 20, 1999, informing him that his initial removal hearing would be held on August 4, 2000 at 9:00 a.m. in Cleveland, Ohio. Espinoza-Anguiano appeared at the removal hearing and applied for voluntary departure in lieu of removal. The IJ found Espinoza-Anguiano to be removable, granted his request for voluntary departure, and ordered him to depart from the United States within four months. In 2001, Espinoza-Anguiano filed a motion to reopen removal proceedings, which the IJ denied.

Espinoza-Anguiano filed a second motion to reopen on September 28, 2021. He argued that the IJ should reopen and terminate removal proceedings because his NTA lacked the date and time for the initial hearing as required under 8 U.S.C. § 1229(a)(1)(G)(i) and 8 C.F.R. § 1003.14(a). According to Espinoza-Anguiano, the Supreme Court's decisions in *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), established that a deficient NTA deprives the Immigration Court of jurisdiction over removal proceedings. The IJ denied the motion, and Espinoza-Anguiano timely appealed to the BIA.

The BIA denied Espinoza-Anguiano's appeal on February 12, 2024. It concluded that Espinoza-Anguiano's motion to reopen was untimely because it was filed more than 90 days after the IJ's final administrative order of removal in 2000, and that his motion was numerically barred because it was his second motion to reopen. In his motion, Espinoza-Anguiano argued that the Supreme Court's decision in *Niz-Chavez* should cause the time and number bars to be equitably tolled. But the BIA explained that, even if equitable tolling applied, the deficient NTA did not deprive the Immigration Court of jurisdiction over the removal proceedings because

Espinoza-Anguiano received a NOH that specified the time and date that was missing from the NTA.

Espinoza-Anguiano also argued that the deficient NTA constituted a claims-processing rule violation. The BIA noted that an objection to a noncompliant NTA will generally be considered timely if it is raised prior to the closing of pleadings before the IJ, and that Espinoza-Anguiano did not make a timely objection. In addition, the BIA declined to exercise its discretionary authority to sua sponte reopen removal proceedings. Espinoza-Anguiano now petitions for review of the BIA's decision.

## II.  ANALYSIS

### A.    Standard of review

When the BIA reviews the IJ's decision and issues a separate opinion, rather than summarily affirming the IJ's decision, this court reviews the BIA's decision as the final agency determination. *Turcios-Flores v. Garland*, 67 F.4th 347, 353 (6th Cir. 2023). We review the IJ's reasoning "only to the extent the [BIA] adopted it." *Id.*

This court reviews the BIA's denial of a motion to reopen under the abuse-of-discretion standard. *Lopez v. Garland*, 990 F.3d 1000, 1002 (6th Cir. 2021). "The BIA abuses its discretion only when its determination was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Id.* (quoting *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015)). We review the BIA's legal conclusions de novo. *Turcios-Flores*, 67 F.4th at 354.

## B.      Jurisdiction

The BIA issued a final order denying Espinoza-Anguiano's motion to reopen on February 12, 2024.  We have jurisdiction over petitions for review of denials of motion to reopen under 8 U.S.C. § 1252.  *Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009).

## C.      Motion to reopen

This court has already addressed the question of whether a deficient NTA deprives the Immigration Court of jurisdiction in removal proceedings.  In *Ramos Rafael v. Garland*, 15 F.4th 797 (6th Cir. 2021), we held that "[s]imply put, *Pereira* and *Niz-Chavez* concern only the stop-time rule, which is not implicated here.  For jurisdictional purposes, it is not necessary that the Notice to Appear contain all the required information or that all the information be included in a single document." *Id.* at 800–01 (citations omitted).  This court further explained that "[b]ecause [the applicant] received a subsequent Notice of Hearing, which provided the required time and date information that was missing from the Notice to Appear, [the applicant] received the necessary notice and the IJ had jurisdiction." *Id.* at 801.  In the present case, Espinoza-Anguiano received a NOH with the required date and time information just over a month after receiving the deficient NTA.  The IJ therefore had jurisdiction.

Espinoza-Anguiano also argues that the deficient NTA constituted a claims-processing rule violation.  But this argument is of no help to him because it is untimely.  In *Matter of Fernandes*, 28 I. & N. Dec. 605 (B.I.A. 2022), the BIA decided, and this court has agreed, that the statutory notice requirements for NTAs are nonjurisdictional, mandatory claim-processing rules.  *Id.* at 608; *Bains v. Garland*, No. 23-3208, 2024 WL 3950812, *5 (6th Cir. Aug. 27, 2024).  "[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited."  *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  The BIA "will generally consider an objection

to a noncompliant notice to appear to be timely if it is raised prior to the closing of pleadings before the Immigration Judge." *Fernandes*, 28 I. & N. Dec. at 610–11. An objection is waived or forfeited if not timely raised. *Id.* at 609. In the present case, Espinoza-Anguiano's objection to the deficient NTA is untimely because he raised it more than 21 years after the IJ issued a final order of removal.

Espinoza-Anguiano particularly urges us to adopt the Seventh Circuit's timeliness framework. In *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), the Seventh Circuit held that a valid claims-processing objection is available to those who make timely objections, as well as to those whose timing is excusable and who can show prejudice. *Id.* at 965. Espinoza-Anguiano argues that his delay in objecting to the deficient NTA is excusable due to the intervening cases of *Pereira* and *Niz-Chavez*. Even if we were to adopt the Seventh Circuit's approach, Espinoza-Anguiano cannot demonstrate that his delay was excusable. The Seventh Circuit has "squarely rejected" the argument that delay is excusable in light of *Pereira*. *See Meraz-Saucedo v. Rosen*, 986 F.3d 676, 683 (7th Cir. 2021). Some examples of excusable delay may include "[n]ot having access to counsel or translation services, or being restricted in some other way." *Arreola-Ochoa v. Garland*, 34 F.4th 603, 610 (7th Cir. 2022). But Espinoza-Anguiano makes no such argument here. Nor has he explained how a delay of slightly over one month in receiving the date and time of his removal hearing prejudiced him in any way. Accordingly, we find that the BIA did not abuse its discretion in dismissing Espinoza-Anguiano's appeal.

### III. CONCLUSION

For all of the reasons set forth above, we **DENY** the petition for review.