NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0177n.06

No. 24-3624

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 31, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| MAHESH AMRUTBHAI PATEL, | ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW |
| v. | ) ) | FROM THE BOARD OF IMMIGRATION APPEALS |
| PAMELA BONDI, Attorney General, | ) ) | OPINION |
| Respondent. | ) ) | |
|  | ) | |

Before: SUHRHEINRICH, MOORE, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Mahesh Amrutbhai Patel was ordered removed from the United States. He asked the Board of Immigration Appeals ("BIA") to reopen his immigration case sua sponte. The BIA denied his motion. Because we lack jurisdiction to review the BIA's discretionary refusal, we dismiss the petition for review.

Patel, a native of India, entered the United States without inspection in April 1994. Admin. R. ("AR") 602 (Order to Show Cause & Notice of Hr'g). The Immigration and Naturalization Service commenced deportation proceedings the following year. *Id.* Appearing pro se, Patel sought asylum and withholding of removal; the immigration judge ("IJ") denied the claim because he found that Patel's allegations lacked credibility. *Id.* at 448–54 (Aug. 24, 1995, Oral Decision of the IJ). With the assistance of counsel, Patel appealed to the BIA, which remanded to afford him adequate due process. *Id.* at 423 (Aug. 30, 1996, BIA Decision). Patel failed to appear at a hearing and was ordered removed from the United States. *Id.* at 382 (Nov.

14, 1996, Deportation Order). Patel moved to reopen proceedings, and the IJ granted the motion. *Id.* at 372 (Feb. 13, 1997, Reopening Order). This time, Patel sought to adjust his status based on his marriage to a U.S. citizen. *Id.* at 205 (Apr. 3, 1997, Hr'g Tr. at 51). But Patel failed to appear at an immigration hearing, and he was ordered removed. *Id.* at 368 (Nov. 14, 1997, Deportation Order).

Eleven years later, Patel moved for sua sponte reopening of his case, which the IJ granted. *See id.* at 340 (Dec. 1, 2008, Reopening Order). After a merits hearing, the IJ found Patel's testimony not credible and denied his claims of asylum, withholding of removal, and protection under the U.N. Convention Against Torture. *Id.* at 127–45 (Mar. 24, 2010, Oral Decision of the IJ). Patel appealed, but the BIA dismissed, finding no error. *Id.* at 94–95 (Nov. 4, 2011, BIA Decision).

Another dozen years passed and Patel asked the BIA to reopen his case sua sponte so that he could seek an adjustment of status. *Id.* at 14 (Mot. to Reopen Sua Sponte & Remand at 1). Patel argued that he would be prima facie eligible for legal status if the case were reopened due to his son's military service and his prior marriage to a U.S. citizen. *Id.* at 17, 19 (Mot. to Reopen Sua Sponte & Remand at 4–5). He noted that he had lived in the United States for 24 years without incident. *Id.* at 17 (Mot. to Reopen Sua Sponte & Remand at 4). And he emphasized his strong family ties here, including a son who is a U.S. citizen and a member of the U.S. Army, arguing that extreme hardship would result from separation. *Id.* at 15, 17 (Mot. to Reopen Sua Sponte & Remand at 2, 4). He contended that these factors presented "exceptional circumstances" warranting the BIA's exercise of discretion. *Id.* at 16 (Mot. to Reopen Sua Sponte & Remand at 3). The BIA denied the motion because it was untimely and did "not present any exceptional

situation that would warrant [its] sua sponte reopening." *Id.* at 7 (June 28, 2024, BIA Order). Patel sought review from this court of the BIA's denial of the motion to reopen. He argues that the BIA abused its discretion. Pet'r Br. at 9.

"A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (internal quotation marks omitted); *see* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(a), (c). Subject to certain exceptions, a motion to reopen must be filed within 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Notwithstanding these time limitations, the BIA retains discretion to reopen removal proceedings sua sponte, *Lopez v. Garland*, 990 F.3d 1000, 1003 (6th Cir. 2021); *see* 8 C.F.R. § 1003.2(a), and does so in "exceptional situations," *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997).

We generally have jurisdiction to review the BIA's denials of motions to reopen and do so under the abuse-of-discretion standard. *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015). However, we "lack jurisdiction to review a BIA decision declining to exercise its discretionary authority to sua sponte reopen a removal order." *Lopez*, 990 F.3d at 1003 (quoting *Cuevas-Nuno v. Barr*, 969 F.3d 331, 335 (6th Cir. 2020)). A decision to deny sua sponte reopening "'is committed to the unfettered discretion of the BIA' and therefore is not subject to judicial review." *Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014) (quoting *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008)).

Patel does not challenge the BIA's conclusion that his motion to reopen was untimely and that no exception to the timeliness rule applies. Pet'r Br. at 8. Instead, he argues that the BIA

abused its discretion by failing to reopen his case sua sponte. *Id.* He contends that his case is exceptional, and that we should remand so that the BIA can consider whether his deportation "would be unjust." *Id.* We cannot. As explained above, we lack jurisdiction to review the BIA's decision to deny sua sponte reopening.

Many of our sibling circuits have recognized limited jurisdiction to review denials of motions to reopen sua sponte when the BIA's decision is premised on a legal error. *See, e.g.*, *Thompson v. Barr*, 959 F.3d 476, 483 (1st Cir. 2020) ("join[ing] the Second, Third, Fifth, Seventh, Eighth, and Ninth Circuits in holding that [it had] limited jurisdiction to review constitutional claims or errors of law that arise in motions to reopen sua sponte" (footnote omitted)). Our court has not yet addressed this question. *See Hermiz v. Garland*, 848 F. App'x 184, 187 (6th Cir. 2021). And this case does not present the moment to do so, because Patel does not argue that the BIA made any legal error, such as applying the wrong rule or misapprehending the scope of its discretion. He challenges only the BIA's conclusion that the facts presented were not exceptional under the BIA's precedents. Even courts that do consider legal errors arising in the BIA's review of sua sponte reopening motions "will not second-guess the BIA's application of a correct legal premise to facts found in the original record." *Zhou v. Attorney General*, No. 21-1453, 2022 WL 212311, at *4 (3d Cir. Jan. 25, 2022); *see Egemba v. Garland*, No. 22-6518, 2024 WL 1433716, at *1 (2d Cir. Apr. 3, 2024).

In denying Patel's motion, the BIA relied on its precedents providing that "exceptional situations" generally do not include "equities acquired after a final order of removal." AR 7 (June 28, 2024, BIA Order) (first quoting *In re J-J-*, 21 I. & N. Dec. at 984; then citing *In re H-Y-Z*, 28 I. & N. Dec. 156, 161 (BIA 2020)). We have previously dismissed a petition for review when the

BIA denied sua sponte reopening based on application of these same precedents. *See Wu v. Garland*, No. 22-3530, 2023 WL 5021547, at *4 (6th Cir. Aug. 7, 2023). Patel draws our attention to *In re Viteruo-Acuna*, 2007 WL 129752 (BIA 2007), in which the BIA granted sua sponte reopening based on an exceptional situation. In that case, which predated *In re H-Y-Z*, the individual had a seven-year-old U.S. citizen child and a path to legal residence as a victim of domestic violence. *In re Viteruo-Acuna*, 2007 WL 129752, at *2. Even if *In re Viteruo-Acuna* were analogous insofar as the equities arose after the final removal order, we could not say that the BIA committed legal error by making an exception to the general rule and concluding that a more extraordinary situation was presented there.

None of the other cases cited by Patel affect our analysis either. Patel cites *Ping Zheng v. Holder*, 701 F.3d 237 (7th Cir. 2012), in which the Seventh Circuit reviewed the BIA's refusal to reopen proceedings when a petitioner sought reopening of his asylum claim due to changed country conditions. *Id.* at 240. But that case is clearly distinguishable because changed conditions for an asylum claim is a statutory exception to the timeliness rule. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, Patel did not renew his application for asylum, and he concedes that no exception to the time limits applies to him. Pet'r Br. at 8. Patel also cites *Immigration and Naturalization Service v. Abudu*, in which the Supreme Court reviewed the BIA's refusal to reopen a removal case so that the petitioner could seek asylum. 485 U.S. 94, 97 (1988). That case is inapposite, too, because it was decided before Congress imposed filing deadlines on motions to reopen and, in any event, concerned an asylum petition. *See Dada*, 554 U.S. at 13–14.

For the foregoing reasons, the petition for review is DISMISSED.