NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0189n.06

Case No. 24-3932

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 09, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JOSE JUAN MENDOZA-JOVEL, | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| PAMELA BONDI, Attorney General, | ) | |
| Respondent. | ) | OPINION |

Before: COLE, McKEAGUE, and RITZ, Circuit Judges.

**McKEAGUE, Circuit Judge.** Jose Juan Mendoza-Jovel, a native and citizen of Honduras, entered the United States without a visa. In 2013, the Department of Homeland Security (DHS) commenced removal proceedings against him. Mendoza-Jovel conceded removability but applied for cancellation of removal. An Immigration Judge denied his application, the Board of Immigration Appeals (the Board) dismissed his appeal, and this court denied his petition for review. *See Mendoza-Jovel v. Garland*, 860 F. App'x 389, 392 (6th Cir. 2021).

Three years later, Mendoza-Jovel moved to reopen his case so that he could apply for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In his view, two "changed country conditions" in Honduras expose him to new harm: (1) a gang stole some of his father's cattle in 2021 and threatened to harm his family if they reported the incident to police; and (2) he opposes the country's current ruling political party, which came into power

in 2022. The Board denied Mendoza-Jovel's motion to reopen because his speculative fears of gang violence and political persecution did not establish prima facie eligibility for relief.

Mendoza-Jovel now petitions this court to review both the Board's denial of his motion and the Board's refusal to reopen his removal proceedings sua sponte. We **DENY** the first part of his petition and **DISMISS** the second part for lack of jurisdiction.

## I.

We detailed the procedural history of Mendoza-Jovel's immigration proceedings in our opinion denying his prior petition for review. *See id.* at 389–91. As relevant here, DHS served Mendoza-Jovel with a Notice to Appear in 2012. Mendoza-Jovel conceded removability but applied for cancellation of removal and voluntary departure. In 2018, an Immigration Judge denied his application for cancellation of removal and granted his request for voluntary departure. Mendoza-Jovel appealed that decision on procedural and substantive grounds, but the Board dismissed his appeal in 2020. We denied Mendoza-Jovel's petition for review in 2021.

In 2024, Mendoza-Jovel moved to reopen his removal proceedings. In his motion and accompanying I-589 application, he claimed to be eligible for asylum, withholding of removal, and protection under the CAT because of two changed conditions in Honduras that arose after the Board dismissed his appeal. First, he explained that Honduran gang members stole some of his father's cattle in 2021 and threatened to kill his family if they reported the theft to the police. His father ultimately filed a police report, and now Mendoza-Jovel fears that the gang will retaliate against him. Second, he noted that the Libre party, led by President Xiomara Castro, came into power in January 2022. Because Mendoza-Jovel opposes the Libre party, he fears political persecution.

The Board denied Mendoza-Jovel's motion to reopen his removal proceedings. In a two-page, single-judge order, the Board explained that the motion was untimely because Mendoza-Jovel filed it more than 90 days after the Board entered its order in 2020. *See* 8 U.S.C.

§ 1229a(c)(7)(C)(i). The Board then concluded that the motion did not fall within the "changed country conditions" exception to the 90-day deadline. *See id.* § 1229a(c)(7)(C)(ii). Finally, the Board did not find "exceptional circumstances" that warranted reopening his removal proceedings sua sponte. *See* 8 C.F.R. § 1003.2(a).

Mendoza-Jovel timely filed a petition for review.

**II.**

A motion to reopen removal proceedings is generally disfavored. *INS v. Doherty*, 502 U.S. 314, 323 (1992). "Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009) (quoting *INS v. Abudu*, 485 U.S. 94, 108 (1988)). As a result, the Board has "broad discretion" to grant or deny motions to reopen. *Doherty*, 502 U.S. at 323 (citation omitted). A party seeking reopening bears a "heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (citation omitted).

Under the Immigration and Nationality Act, "[a]n alien may file one motion to reopen proceedings[.]" 8 U.S.C. § 1229a(c)(7)(A). Generally, the motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). But, as relevant here, the Board may reopen removal proceedings after the 90-day period in two circumstances. First, the Board may consider an untimely motion to reopen if the requested relief is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Second, the Board may reopen "any case in which it has rendered a decision" sua sponte. *Id.* § 1003.2(a).

Mendoza-Jovel argues that the Board should have taken either path to reopen his removal proceedings. We disagree.

**A.**

Mendoza-Jovel claims that the Board erroneously denied his motion to reopen his removal proceedings because he "presents a compelling new case for [relief] based on political opinion and particular social group membership." Pet. Br. at 11–12. We review the Board's denial for an abuse of discretion. *See Kucana v. Holder*, 558 U.S. 233, 242 (2010); *Elgebaly v. Garland*, 109 F.4th 426, 436 (6th Cir. 2024). The Board abuses its discretion if its decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Dieng v. Barr*, 947 F.3d 956, 960–61 (6th Cir. 2020) (quoting *Alizoti*, 477 F.3d at 453).

The Board may deny a motion to reopen removal proceedings on "at least three independent grounds": (1) a "failure to establish a prima facie case for the relief sought"; (2) a "failure to introduce previously unavailable, material evidence"; or (3) "a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *Gafurova v. Whitaker*, 911 F.3d 321, 326 (6th Cir. 2018) (citation omitted). In this case, the Board denied Mendoza-Jovel's motion to reopen on the first ground: he failed to provide evidence establishing prima facie eligibility for asylum, withholding of removal, or relief under the CAT. *See* Board Order, A.R. 4.[1] Prima facie evidence is "evidence that reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1050 (6th Cir. 2007) (citation and internal quotation marks omitted).

---

[1] In his principal brief, Mendoza-Jovel repeatedly states that the Board's order "fails to say whether or not it finds that there are changed country conditions." Pet. Br. at 13. But the Board clearly stated that "[e]ven *assuming a material change in country conditions*, [Mendoza-Jovel] has not established prima facie eligibility for relief." Board Order, A.R. 4 (emphasis added). Put simply, the Board did not abuse its discretion by assuming that Mendoza-Jovel satisfied one of the criteria for reopening. *See Zhang v. Mukasey*, 543 F.3d 851, 854–55 (6th Cir. 2008) (noting that a motion to reopen fails when a "necessary" element of the claim fails, and the Board "owe[s] no duty to rehearse the rest of [the movant's] evidence for sake of completeness").

**1.**

Mendoza-Jovel first argues that he demonstrated prima facie eligibility for asylum. A party may establish eligibility for asylum by showing a "well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). A fear of persecution is well-founded if there is "(1) a fear of persecution in one's home country on account of race, religion, nationality, membership in a particular social group, or political opinion; (2) a reasonable possibility of suffering persecution should one return; and (3) an unwillingness or inability to return to that country due to the fear." *Kukalo v. Holder*, 744 F.3d 395, 401 (6th Cir. 2011) (citing *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004)); *see also* 8 C.F.R. § 208.13(b)(2)(i). The fear of persecution "must be both subjectively genuine and objectively reasonable." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (citation omitted). The applicant "cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Id.* (citation omitted).

The Board did not abuse its discretion by concluding that Mendoza-Jovel's purported fears of persecution were "unduly speculative." Board Order, A.R. 4. First, the Board reasonably determined that Mendoza-Jovel does not face an active threat of gang retaliation in Honduras. In a sworn statement, Mendoza-Jovel stated that gang members stole some of his father's cattle in 2021. The gang members then threatened to come after his family if they reported the incident to the police. His father ultimately filed a police report, but the police did not take any further action. To "avoid problems," his father sold the rest of his family's cattle in 2022, and Mendoza-Jovel is unaware of any further threats made to his father. Sworn Statement, A.R. 42. As the Board correctly noted, Mendoza-Jovel "offers no evidence to indicate that the gang is interested in harming his father's family, including him, at this time." Board Order, A.R. 4.[2]

---

[2] In his I-589 application, Mendoza-Jovel also claimed that Honduran gang members robbed him multiple times before he fled to the United States. This statement directly contradicts his testimony before

Second, Mendoza-Jovel did not provide any "specific information" to support his fear of political persecution. *Mapouya*, 487 F.3d at 412 (citation omitted). In his sworn statement, Mendoza-Jovel expressed his opposition to President Castro and the Libre party, blaming them for "ruining the economy of Honduras." Sworn Statement, A.R. 41. His motion to reopen also cited to reports of politically-motivated killings by the government and criminal groups in Honduras. But again, Mendoza-Jovel did not provide any evidence "that *he himself* may face persecution on account of his political opinion." Board Order, A.R. 4 (emphasis added). Thus, he "fail[ed] to demonstrate the 'individualized' fear of persecution required for asylum." *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004); *see also Dieng v. Holder*, 698 F.3d 866, 872 (6th Cir. 2012) ("The fear of future persecution must be based on reasonably specific information showing a real threat to individual persecution, not mere assertions of fear of possible persecution or speculative conclusions.").

Because Mendoza-Jovel failed to show a "reasonable likelihood" that he has a well-founded fear of persecution, the Board did not abuse its discretion by denying his motion to reopen his removal proceedings. *See Chen v. Garland*, 852 F. App'x 911, 913 (6th Cir. 2021).[3]

---

the Immigration Judge. *See* Hearing Tr., A.R. 236–37 (noting that Mendoza-Jovel had never been harmed or threatened with harm in Honduras before he arrived in the United States).

[3] Mendoza-Jovel separately argues that the Board abused its discretion because it provided a "cursory" explanation for why he was ineligible for asylum. Pet. Br. at 17. To be sure, "[c]ursory, summary, or conclusory statements" by the Board are "inadequate." *Daneshvar v. Ashcroft*, 355 F.3d 615, 626 (6th Cir. 2004). But the Board "need not issue an opinion that discusses and rebuts every piece of record evidence that cuts against its findings." *Palucho v. Garland*, 49 F.4th 532, 537–38 (6th Cir. 2022). Here, the Board's order explains that (1) Mendoza-Jovel's motion to reopen was untimely, (2) Mendoza-Jovel failed to establish prima facie eligibility for relief, (3) Mendoza-Jovel's fears of future gang violence were "unduly speculative," and (4) Mendoza-Jovel failed to offer any evidence that "he himself" will be the target of political persecution. *See* A.R. 4. This articulated rationale is sufficient to "allow for meaningful appellate review." *Dieng*, 947 F.3d at 961.

**2.**

Mendoza-Jovel further claims that he established prima facie eligibility for withholding of removal and protection under the CAT.  Here too, a "prima facie" showing refers to a "reasonable likelihood" that he is eligible for the requested relief.  *Trujillo Diaz v. Sessions*, 880 F.3d 244, 249–50 (6th Cir. 2018) (citation omitted).  To be eligible for withholding of removal, the applicant must show that it is more likely than not that he will face persecution in the country of removal.  *Mbonga v. Garland*, 18 F.4th 889, 899 (6th Cir. 2021); *see also* 8 C.F.R. § 1208.16(b)(2).  Similarly, an applicant seeking relief under the CAT must show that it is more likely than not that he will be tortured in the country of removal.  *Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006); *see also* 8 C.F.R. § 1208.16(c)(2).  These standards are "more stringent" than the standard for asylum.  *Wang v. Lynch*, 824 F.3d 587, 593 (6th Cir. 2016).  Because Mendoza-Jovel's claims for withholding of removal and protection under the CAT relied on the same evidence as his asylum claim, he necessarily failed to establish prima facie eligibility for either form of relief.  *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007); *Allabani v. Gonzales*, 402 F.3d 668, 675–76 (6th Cir. 2005).[4]

**B.**

Mendoza-Jovel also challenges the Board's decision to not reopen his removal proceedings sua sponte.  The Board concluded that there were no "exceptional circumstances warranting sua sponte reopening."  Board Order, A.R. 4. In Mendoza-Jovel's view, the Board's failure to "provide a rational explanation" for that decision warrants reversal.  Pet. Brief at 12.  But since we lack

---

[4] Mendoza-Jovel asserts that the Board failed to apply the "aggregate approach" when assessing whether he would be subjected to torture upon his return to Honduras. The aggregate approach requires an immigration court to "consider the . . . risk of torture in the aggregate" when a petitioner invokes "more than one independent source of or reason for the risk of torture." *Abdulahad v. Garland*, 99 F.4th 275, 290 (6th Cir. 2024). But here, there is nothing to aggregate: Mendoza-Jovel "points to *no* particularized evidence" that he would be subjected to torture in Honduras. Board Order, A.R. 4 (emphasis added).

jurisdiction over the Board's sua sponte decision, we must dismiss this part of Mendoza-Jovel's petition.

The Board is authorized to reopen removal proceedings sua sponte. *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). This authority arises in "exceptional situations," and the Board may "reopen immigration proceedings as it sees fit." *Harchenko*, 379 F.3d at 411 (citation omitted); *see also* 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board[.]"). We have repeatedly recognized that the Board's discretion to reopen removal proceedings sua sponte is unfettered and not subject to judicial review. *See, e.g.*, *Lopez v. Garland*, 990 F.3d 1000, 1003 (6th Cir. 2021); *Cuevas-Nuno v. Barr*, 969 F.3d 331, 335 (6th Cir. 2020); *Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014); *Barry v. Mukasey*, 524 F.3d 721, 723–24 (6th Cir. 2008); *Harchenko*, 379 F.3d at 411.

Mendoza-Jovel notes that other circuits have reviewed the Board's decisions regarding sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588–89 (9th Cir. 2016) (collecting cases). But Mendoza-Jovel does not claim that the Board relied on an "incorrect legal premise," so this exception is inapplicable. *Id.* at 588; *see also Pllumi v. Att'y Gen. of U.S.*, 642 F.3d 155, 160 (3d Cir. 2011); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Thus, we lack jurisdiction over this claim.

## III.

We **DENY** Mendoza-Jovel's petition for review of the Board's decision denying his motion to reopen and **DISMISS** his petition for review of the Board's decision denying reopening sua sponte. We **DENY** Mendoza-Jovel's motion for a stay of removal pending adjudication as moot.